The State v. Archer.

---

THE STATE OF KANSAS v. SAMUEL F. ARCHER.

No. 298.

CRIMINAL LAW—*Assault—Pointing Unloaded Revolver.* The pointing of a revolver which is not loaded in a threatening manner at another is an assault when the party at whom it is pointed does not know that it is not loaded, or has no reason to believe that it is not, and is by the act of the menacing party put in fear of bodily harm.

Appeal from Ness district court; J. E. ANDREWS, judge. Opinion filed October 20, 1898. Affirmed.

*N. H. Stidger,* for The State.

*W. F. Hague,* and *H. Fierce,* for appellant.

47—8 KAN. APP.

The opinion of the court was delivered by

MILTON, J.: Appellant was convicted of simple assault in the district court of Ness county, and was sentenced to pay a fine of twenty-five dollars and the costs of the case. He stood charged by information with having assaulted one Albert O. Pabst with a loaded revolver, with felonious intent to kill said Pabst. The facts of the case are substantially as follows: Fletcher, a relative of Pabst, owned a tract of land near the defendant's farm, and the latter's cattle had been trespassing on the land and the crops growing thereon. On the day of the difficulty, the defendant's little boy was in the act of driving the cattle away from Fletcher's premises, where they were trespassing, when Pabst and Fletcher came up and dispossessed the boy of the cattle. They then told him to go to his father and ask him to come over where the cattle were. Shortly afterward Archer appeared on horseback and retook the cattle. In the course of the maneuvering, Archer fell, or was thrown, from his horse, which Fletcher thereupon took and a few minutes later turned over to Pabst, with the request that the latter ride over to the place where Fletcher had left his horse and buggy. When Pabst had come to within about 100 yards of that place, and while he was standing holding Archer's horse by the bridle-rein and conversing with two neighbors, Archer, who had gone home on foot and procured his revolver and another horse, came riding up at a rapid rate, and when within from five to ten feet of Pabst he pointed the revolver at the latter and said: "You ———, drop those reins or you are a dead man." He also snapped the revolver twice while pointing it at Pabst. Pabst dropped the reins and Archer took the horse and rode

away.   Pabst testified that he was put in fear of bod-
ily injury by this action of Archer.   Archer testified
that the revolver was empty, and no evidence was
offered by the state to disprove his statement.   At the
conclusion of the testimony on behalf of the state, the
defendant moved the court to instruct the jury to re-
turn a verdict of not guilty, which motion the court
overruled.   Instruction No. 8, as given by the court,
reads :

"The jury are instructed that if you find from the
evidence that the defendant Samuel F. Archer did, on
the 20th day of May, 1897, or within two years prior
to the filing of the information, point a revolving
pistol at the said Albert O. Pabst and threaten to
shoot him, and you further find from the evidence
that the complainant Albert O. Pabst was not aware
of it being unloaded, then the defendant would be
guilty of what is known in law as an assault, and
you should find him guilty of an assault."

Practically all of the assignments of error are re-
ducible to one question, namely : Is the above in-
struction a correct statement of the law applicable to
the foregoing facts?   The courts are almost equally
divided on the proposition before us.   We shall not
attempt to review the decisions.   The supreme court
of this state, in the case of *The State v. Taylor*, 20 Kan.
643, held that

"If one deliberately points and cocks a loaded
pistol at another, who is a mere trespasser upon his
land, within a distance which the pistol will carry,
and compels such trespasser, through fear of personal
violence from the deadly weapon aimed at him, to
leave the premises, he is guilty of an assault."

In the opinion the court quotes approvingly from
Bishop's Criminal Law.   In his New Criminal Law
(vol. 2, § 32), Bishop says :

"If, within shooting distance, one menacingly points

at another with a gun, apparently loaded, yet not in fact, he commits an assault the same as if it were loaded. .There must be some power, actual or apparent, of doing bodily harm. . . . It has been said that the gun must be within shooting distance; but plainly, if it is not, yet seems to be so to the person assaulted, or danger otherwise appears imminent, it will be sufficient.''

In the latter part of the same section the author criticizes the decision in *Chapman v. The State,* 78 Ala. 463, which may be regarded as the leading case sustaining appellant's contention. Among the cases cited in support of the text are *The State of Iowa v. Shepard,* 10 Iowa, 126, and *Commonwealth v. White,* 110 Mass. 407. One paragraph of the syllabus in the first of these two cases reads :

"The pointing of a gun which is not loaded in a threatening manner at another constitutes an assault when the party at whom it is pointed does not know that it is not loaded, or has no reason to believe that it is not."

In *Commonwealth v. White,* the court observed :

"It is not the secret intent of the assaulting party, nor the undisclosed fact of his ability or inability to commit a battery, that is material; but what his conduct. and the attending circumstances denote at the time to the party assaulted. If to him they indicate an attack, he is justified in resorting to defensive action. The same rule applies to the proof necessary to sustain a. criminal complaint for an assault. It is the outward demonstration that constitutes the mischief which is punished as a breach of the peace."

Our view of the law here applicable is expressed in the foregoing quotations. What the conduct of the assaulting party and the attending circumstances denote at the time to the party assaulted become very important in a case where the party menaced resorts

to defensive action under the influence of the fear of bodily injury thus aroused.   In the case of *The State v. Potter*, 13 Kan. 415, the supreme court declared the law as to self-defense, in the syllabus, as follows :

"In order to establish that a homicide was committed in self-defense, it is not essential that the defendant show that the deceased actually had a deadly weapon.   It is sufficient in that respect if he show that the conduct of deceased was such as to induce a reasonable belief that he had one."

In *The State v. Horn*, 9 Kan. 119, one paragraph of the syllabus reads :

"On a trial for murder, if the defendant relies on a supposed necessity for the killing as a justification or excuse, the rule to be applied is, that the accused must have believed that he was in immediate and actual danger of his life from the deceased, and this belief must rest on reasonable grounds, and the party from whom the danger is apprehended must be making some attempt to execute his design, or at least be in an apparent situation to do so, and thereby induce a reasonable belief that he intends to do so immediately."

Conduct like that of the appellant in this case is so often the brief prelude to a tragedy that, in the light of the foregoing, we are unwilling to hold it to be void of offense against the law.

The contention that the court misconceived the law in regard to the doctrine of recaption and gave an erroneous instruction respecting the same, while refusing to give a correct instruction asked for by the defendant, is not well taken.   We think the instruction given was correct, although possibly not so full as it might well have been, while it is clear the instruction asked for and refused was incorrect.   We find no error requiring a reversal of the judgment of the trial court, and the same is accordingly affirmed.