No. 38,183

M. J. Rich and James Rivers, partners doing business as City Implement Company, *Appellees,* v. Joe S. Yoder, *Appellant.*

(228 P. 2d 533)

Opinion filed March 10, 1951.

*Don Shaffer* and *Abraham Weinlood,* both of Hutchinson, were on the briefs for the appellant.

*Roy C. Davis, Frank S. Hodge, Eugene A. White, Robert Y. Jones, Jr., H. Newlin Reynolds,* all of Hutchinson, were on the briefs for the appellees.

The opinion of the court was delivered by

HARVEY C. J.: This was an action on a promissory note which was past due and unpaid. Defendant answered, admitting the execution of the note; alleged it was for a part of the consideration for the purchase of the hay baler; that the purchase was made under an oral contract with plaintiffs, who were dealers in farm machinery; that at the time of the purchase plaintiffs warranted orally that their machine would bale not less than 30,000 bales per season; that the twine used by the baler for tying the bales would hold the hay as well as bailing wire used by other balers, and that the bales would stack and keep as well as if they were baled with wire; that these warranties failed, to his damage in a sum named, for which he sought recovery under a cross-petition. This answer was not verified.

Plaintiffs filed a reply to the answer and answer to the cross-petition, in which they denied selling the machine on an oral contract and denied the oral warranties. They alleged the machine was purchased under a written contract and upon a written warranty, setting up copies thereof. The written warranties did not include the oral warranties alleged by defendant. The reply was verified.

Defendant filed a reply in which he denied that the instrument attached to plaintiffs' reply was a part of the contract of purchase; and alleged that after the contract of purchase had been completed he was asked to sign an instrument, which may have been the instrument attached to plaintiffs' reply, but that he understood such instrument was a notation of the price arrangements; that the instrument was a printed form and that his attention was not called to the endorsement of the warranties on the back thereof; that he did not examine it, and that the same was not intended or understood to be a statement of the transaction in writing, and this reply was not verified. Defendant did not charge plaintiffs with any fraud nor seek to set aside the written contract of purchase pleaded by plaintiffs.

When the case came on for trial counsel for defendant assumed the burden of proof and made a lengthy statement of the facts pertaining to the purchase and of the trouble they had using the baler, which appears to have been used throughout one baling season. Defendant was then called as a witness and a question was asked concerning his conversation when he first called on plain-

tiffs to talk about buying a baler. This was objected to and counsel for defendant made a lengthy statement of what he would offer to prove by the witness. Plaintiffs objected to the statement as not constituting a defense, and moved for judgment on the pleadings. This motion was sustained, and the defendant has appealed.

In this court appellant contends that the trial court erred in not permitting him to show that the oral contract alleged was the only one made by the parties. We think the court was correct in its ruling. (See *Fontron v. Kruse,* 103 Kan. 32, and cases cited, page 38, 172 Pac. 1007; *Thresher Co. v. Nelson,* 105 Kan. 517, 184, Pac. 982; *Harmon v. Coonrod,* 148 Kan. 146, 79 P. 2d 831.) Many other cases to the same effect might be cited.

Appellant further contends that he was entitled to show that even the written warranty of plaintiffs was breached, if it was properly held to be the binding written contract. This is a new theory, which was not raised by the pleadings and was not presented to the trial court, and when defendant was on the witness stand he was not asked any question with respect thereto. Since the question was not presented to the trial court by pleadings or by the opening statement of defendant's counsel, or any evidence tendered, it is too late to raise it here.

We find no error in the record. The judgment of the trial court is affirmed.