No. 45,621

Isis Foods, Inc., *Appellant*, v. Mo-Kan Enterprises, Inc., Edward G. Johnston, *Appellee.*

(468 P. 2d 113)

Opinion filed April 11, 1970.

*John E. Stumbo*, of Topeka, argued the cause, and *Walter G. Stumbo*, of Topeka, was with him on the brief for the appellant.

*Eugene W. Hiatt*, of Topeka, argued the cause, and *Leland M. Spurgeon* and *Bruce C. Harrington*, of Topeka, were with him on the brief for the appellee.

The opinion of the court was delivered by

O'Connor, J.: This action was initiated by the plaintiff, Isis Foods, Inc., to recover the balance owing for the sale of goods and merchandise by plaintiff to various Tastee Freez stores for which the defendant, Mo-Kan Enterprises, Inc., held the franchise. For the sake of brevity, the parties will hereafter be referred to as Isis and Mo-Kan.

Mo-Kan admitted the amount of Isis' claim, but by way of counterclaim sought to recover commissions from Isis on the sale of ice cream mix, goods and merchandise supplied by Isis to fran-

chise stores operated by Mo-Kan. After trial without a jury, the district court found for Isis on its claim for $2,062.69 and for Mo-Kan on its counterclaim for $2,994.42, and rendered judgment accordingly. Isis has appealed from only that part of the judgment in favor of Mo-Kan on its counterclaim.

The principal question before us is whether the trial court's findings that Isis agreed to pay sales commissions, as alleged, to Mo-Kan is supported by substantial, competent evidence.

Isis was a supplier of various food items and other merchandise for restaurants and businesses in Kansas and Missouri. Mo-Kan was the owner and holder of a franchise for numerous independently owned Tastee Freez stores throughout Kansas and the western one-third of Missouri in which food, soft ice cream and the like were sold. During the fall of 1965 representatives of the two companies met on several occasions for the purpose of establishing a commissary system by which Isis would supply the various Tastee Freez stores in the franchise area with such merchandise as ice cream mix, french fries, plastic spoons, and other related items.

An agreement was finally reached by the parties January 27, 1966, at a conference held in Chicago in the office of Bernard Spira, vice president of the Harlee Company (the parent company of the Tastee Freez Industries). The conference was attended by Mr. Spira, Bernard Barash, executive vice president and treasurer of Isis, and Thomas M. Warner, vice president of Mo-Kan.

The evidence concerning the payment of any commissions to Mo-Kan for merchandise sold by Isis to the Tastee Freez stores was sharply conflicting. The district court found that at the Chicago conference Mr. Spira explained that the usual commission paid in a commissary operation of this type was five per cent on all merchandise sold, other than ice cream mix, and that Mr. Barash, on behalf of Isis, said that would be satisfactory. The court found from all the evidence there was a definite understanding between the parties, prior to the conclusion of the Chicago conference, that Isis was to pay Mo-Kan a five per cent commission, which agreement, though not reduced to a formal written contract, was never changed or repudiated during the parties' subsequent dealings. The district court also found that a discussion took place in Chicago whereby Isis would pay Mo-Kan forty-two and one-half cents per gallon for ice cream mix furnished by Isis to the franchise stores,

but because of delivery difficulties encountered when the operation got under way, an ultimate price of forty-one cents per gallon was finally agreed upon by the parties.

No useful purpose would be served by our setting out the conflicting evidence; neither do we deem it necessary to engage in a dissertation on the law of contracts, either express or implied. The task of resolving the conflicts in the evidence was for the trier of the facts, not this court. Our only concern is whether there was substantial, competent evidence to support the trial court's findings. If so, they will not be set aside on appellate review. (*Hindman v. Shepard*, 205 Kan. 207, 468 P. 2d 103; *Cersovsky v. Cersovsky*, 201 Kan. 463, 441 P. 2d 829; cases cited in 1 Hatcher's Kansas Digest [Rev. Ed.], Appeal & Error, §§ 507, 508.)

An examination of the record discloses there was substantial, competent evidence to support the trial court's findings that the parties agreed Isis was to pay commissions of forty-one cents per gallon on all sales of ice cream mix and five per cent on gross sales of other merchandise. The court properly entered judgment for Mo-Kan on its counterclaim.

One other matter deserves brief mention. Isis complains that the trial court erred in denying its motion for an order compelling Mo-Kan to pay travel expenses for counsel's attendance at the taking of Mr. Spira's deposition in Chicago. The deposition was taken by Mo-Kan and introduced at trial as part of the evidence in support of its counterclaim.

When notice is given for the taking of a deposition outside the state, and at a considerable distance from the place where the case is to be tried, K. S. A. 60-230 (*b*) authorizes the trial court, in its discretion, to require the party taking the deposition to pay travel expenses of the opposite party and of his attorney. The federal counterpart to our rule is found in Rule 30 (*b*) of the Federal Rules of Civil Procedure, although in less specific detail. These rules were formulated to protect deponents and parties from possible abuse of the discovery process. Whether or not a protective order should be granted depends upon the peculiar equities of the case. (See, Anno. 70 A. L. R. 2d 685.)

Ordinarily, the trial court is vested with broad powers of discretion in making such orders with respect to the allowance of costs and expenses in the taking of depositions as it deems necessary to

protect the party or witness from undue financial hardship. Before a ruling of the lower court will be disturbed on appeal, the appellant must show there was a manifest abuse of discretion. We find nothing in the record to indicate that Isis has met that burden.

Other points have been raised but are found to be unmeritorious. The judgment is affirmed.