No. 46,192

W. E. GAULT AND CAROLYN B. GAULT, husband and wife, *Appellees*, v. THE BOARD OF COUNTY COMMISSIONERS OF JOHNSON COUNTY, KANSAS, *Appellant*.

(493 P. 2d 238)

Opinion filed January 22, 1972.

*Maurice R. Hubbard*, of Olathe, argued the cause, and *James H. Bradley*, of Olathe, was with him on the brief for appellant.

*Park McGee*, of Haskin, Noonan, McGee & Hinkle, of Olathe, argued the cause and was on the brief for appellees.

The opinion of the court was delivered by

FATZER, C. J.: This is an appeal by the condemner from a jury verdict increasing the appraisers' award in a condemnation proceeding.

The pertinent facts may be stated as follows: The landowners-appellees and cross-appellants owned a quarter section of land some 600 feet north of the city limits of the city of Gardner, Johnson County. On July 1, 1968, the Board of County Commissioners of Johnson County proceeded to acquire by eminent domain easements for the widening and improvement of a county road. The project commenced at the northern boundary of the city of Gardner and extended in a northernly direction for about three miles.

The land to be taken from the appellees' quarter section consisted of a strip fronting the existing road. It was 80 feet in width at the southern boundary, increasing to 100 feet, and then decreasing to 90 feet at the northern boundary. The total distance was 2,640 feet, and 4.18 acres were to be acquired.

The appraisers awarded the appellees $5,113 for the 4.18 acres taken. They were not satisfied with the award and on appeal to the district court, a jury returned a verdict in favor of the landowners in the amount of $14,000, and judgment was entered on the verdict. The condemner has appealed. The appellees have cross-appealed from the order of the district court denying them the right to recover reasonable attorney fees.

The appellant first contends that W. E. Gault and Carolyn B. Gault, the original landowners, were not the real parties in interest to appeal from the appraisers' award, and that the district court erred in overruling the condemner's motion to dismiss the appeal. More detailed facts are presented on this issue.

The condemner deposited with the clerk of the district court, in the original eminent domain proceeding, the amount of the land-owners' award. This was done on August 16, 1968. A general warranty deed bearing the date of August 12, 1968, was executed by the original landowners conveying the quarter section in question to Western Lumber & Building Supply, Inc. The deed contained the usual covenants of warranty, but did not contain any reservations or exceptions other than a recital as to encumbrances. It was recorded in the register of deeds office of Johnson County on August 16, 1968, at 4:19 o'clock p. m.

The record states:

"Plaintiff, W. E. Gault, testified at the hearing on the motion to dismiss that he acquired title to the real property in May or June of 1963 . . . That he sold the property to Western Lumber and Building Supply, Inc., of which his father, Ross Gault, was the only stockholder as of August 12, 1968. He and his wife signed the deed as grantees before the Notary Public on August

16, 1968, and that he, himself, recorded it at the Register of Deeds Office. He was president of Western Lumber and Building Supply, Inc., but that he did not own any stock in the company."

In overruling the condemner's motion to dismiss, the district court stated:

"The Court further finds that on the 16th day of August, 1968, during the morning hours, the condemnor, Board of County Commissioners of Johnson County, Kansas, paid into the hands of the Clerk of the District Court of Johnson County, Kansas, the amount of the award of the appraisers;

"That during the afternoon hours of August 16, 1968, the plaintiff in this action, being Case No. 42113, plaintiffs W. E. Gault and Carolyn B. Gault, husband and wife, executed a deed to Western Lumber & Building Supply, Inc., to the northeast quarter of Section 23, Township 14, Range 22, in Johnson County, Kansas, conveying said real property to Western Lumber & Building Supply, Inc., which deed was delivered to the vendee, Western Lumber & Building Supply, Inc., at 4:14 p. m. on August 16, 1968.

"The Court determines, as a matter of law, that the taking by the Board of County Commissioners of Johnson County, Kansas, occurred as of the time of paying the amount of the appraisers award to the Clerk of the Court, and at said time title to the property so taken, or interest therein, the interest easement, I should say, therein, vested in the Board of County Commissioners, and as a consequence thereof, any conveyance of the real property would be subject to the taking by the Board of County Commissioners of Johnson County, Kansas.

"The Court further determines as a matter of law, that the plaintiffs, Gault, did not and could not convey that which was taken from them in the condemnation action.

"The Court further determines that their right to appeal from the award vested in Gaults at the time of the taking and that there has been no evidence of any transfer of interest in their right to appeal from the award of the appraisers in this case, and, accordingly, the plaintiffs, Gault, are proper parties to determine the correctness of the award of the appraisers in this case.

"Counsel's attention is respectfully directed to K. S. A. 60-225, Subsection C, as amended by the laws of Kansas for 1965.

"Accordingly, the defendant's motion is considered and overruled."

On November 6, 1969, the condemner's motion to vacate and set aside the judgment was heard by the district court. At the hearing, evidence was presented which would tend to establish the deposit of the award by the condemner was made sometime after 3:24 o'clock p. m. August 16, 1968.

The district court, in overruling the condemner's motion to vacate and set aside the judgment, stated in part:

"THE COURT: The Court determines that even though the condemnor now contends that the money was paid into the office of the Clerk of the District Court of Johnson County, Kansas, sometime after 3:24 p. m. on August 16,

1968, there is no showing by the condemnor that the money was not paid in and the taking of the easement consummated in advance or before the delivery of the deed from W. E. Gault to Western Lumber & Building Supply, Inc., and accordingly, determines as a matter of law, that the taking by the Board of County Commissioners of Johnson County, Kansas, occurred as of the time of the paying of the amount of the appraisers award to the Clerk of the Court, and further determines that at the time of paying said appraisers award into the Office of the Clerk of the Court, title to the property so taken or interest therein, vested in the Board of County Commissioners and consequently any conveyance by the landowners, W. E. Gault and his wife, Carolyn B. Gault, effected after that time, would be subject to the taking of the easement by the Board of County Commissioners of Johnson County, Kansas. The Court further determines that the plaintiffs, W. E. Gault and Carolyn B. Gault, could not convey that which had been taken, that which had previously been taken from them by condemnation. The Court further determines that the land-owners right to appeal from the award vested in the landowners; that is, W. E. Gault and Carolyn B. Gault, at the time of the taking, and that consequently they are proper parties to determine the correctness of the award of the appraisers in this case. The Court further determines as a matter of law, that the measure of damages, being the difference of the entire property before the taking, in no way effects the landowners' right to prosecute the appeal from the award of the appraisers. Accordingly, the condemnor's motion is over-ruled."

This court finds no basis for disturbing the district court's finding the money was paid in and the land taken by the condemner before the title passed by the warranty deed. Findings of fact of a district court will not be set aside on appellate review where they are supported by substantial, competent evidence, although such evidence may be conflicting. (*Isis Foods, Inc. v. Mo-Kan Enterprises, Inc.*, 205 Kan. 203, 468 P. 2d 113.) Where, as here, the condemner failed to establish the land was transferred before the money was paid into the office of the clerk of the court, there is no basis for the appellant's contention the original landowners were not the real parties in interest and the proper parties to appeal from the appraisers' award. As indicated, the 4.18 acres were acquired by the condemnation proceeding before transfer of the title to the land, and it follows the conveyance from the Gaults to the Lumber Supply Company did not include the land taken, or the proceeds therefrom, in the absence of a specific provision in the deed. This court so held in *Taylor Investment Co. v. Kansas City Power & Light Co.*, 182 Kan. 511, 322 P. 2d 817:

"Where an electric company, having the power of eminent domain, entered into actual possession of land necessary for its corporate purpose, without the consent of the owner of such lands, a subsequent vendee of the latter takes the

land subject to the burden of the electric company, and the right to damages belongs to the owner at the time of the taking, and does not pass to a grantee of the land under a deed made subsequent to that time, unless expressly conveyed therein." (Syl. ¶ 7.)

The appellant objected to appellees' witness testifying as to other sales on the ground they were not comparable in size or in location. One sale so considered was of land 2.6 acres in size and just inside the city limits. The appellees' land was 600 feet outside the city limits.

The question of comparable sales is a discretionary matter and presents a troublesome problem. There are no two tracts exactly alike. Where there is a reasonable basis for comparison, dissimilarities affect the weight and value of the testimony rather than its competency. (29A C. J. S., Eminent Domain, § 273 [10], p. 1208.)

Whether the properties are sufficiently similar that the sale prices will have some bearing upon the value of the property being considered, must be left largely to the sound discretion of the district court, and this court should interfere only when such discretion is abused. The rule is well stated in Nichols' The Law of Eminent Domain, Rev. 3d Ed., Vol. 5, Sec. 21.31, pp. 21-56, as follows:

". . . Whether the properties are sufficiently similar to have some bearing on the value under consideration, and to be of any aid to the jury, must necessarily rest largely in the sound discretion of the trial court, which will not be interfered with unless abused. The exact limits, either of similarity or difference, or of nearness or remoteness in point of time, is difficult, if not impossible, to prescribe by any arbitrary rule, but must to a large extent depend on the location and character of the property and the circumstances of the case. It is to be considered with reference to the light thrown on the issue, and not as a mere method of raising a legal puzzle."

. . . . . . . . . . .

"It has been stated that if properties are reasonably similar, and a qualified expert is of the opinion that the price brought by one either affects or tends to show the value of the other, it is better to leave the dissimilarities to examination and cross-examination than to exclude the testimony . . ." (pp. 21-65.)

City boundary lines may not necessarily affect the similarity of properties if the land is subject to being taken into the city limits and lies close thereto. (*Morgan v. City of Overland Park,* 207 Kan. 188, 483 P. 2d 1079.)

Likewise, there is no merit in the appellant's contention the district court erred in allowing testimony and evidence of sales of land that were not complete or absolute sales. The appellant directs

our attention to the fact that offers to purchase real estate cannot be used to establish value in a condemnation proceeding (*State v. Nelson,* 126 Kan. 1, 266 Pac. 107), and that option contracts have also been excluded (*City of Wichita v. Jennings,* 199 Kan. 621, 433 P. 2d 351). We have no quarrel with the conclusions there reached. In neither case was there a binding contract. See, however, *Wilcox v. Wyandotte World-Wide, Inc.,* 208 Kan. 563, 493 P. 2d 251.

In the case before us, the comparable property was sold under a binding contract for a deed, and the contract was binding on both parties. The controlling rule is stated in 31A C. J. S., Evidence, § 182 (2), p. 469, which reads:

"The price fixed in a contract of sale has been held admissible to prove the value of the land, but where the contract is not a firm, unconditional contract relating to the property in suit, the evidence is properly rejected. Option contracts have been held admissible and inadmissible."

The appellant next contends the district court erred in permitting the landowners to introduce evidence of sales of real estate which were not submitted to its counsel prior to trial as directed by the court at pretrial conference.

It appears that at a pretrial conference held on March 5, 1969, the appellant submitted a list of witnesses and sales which it intended to rely on as being comparable to the tract in question. A copy was submitted to appellees' counsel and also made an exhibit in the case. Evidence of sales which appellees intended to use were generally described in the record, but the district court directed the appellees to deliver to appellant within twenty days a written list setting forth the particulars of each sale they intended to use as evidence. The list was delivered some five and one-half months later, and only four days prior to the trial.

The specific objections made to previous sales as evidence were made on the grounds of remoteness of time; incomplete contracts of sale, and location of the property. Evidence of an offer of sale was rejected by the district court. Although counsel for appellant mentioned in his opening argument the delay in finding a list of the sales which appellees intended to use as evidence, he made no specific objection on such grounds. Where a ruling on an objection is not insisted upon, the ruling is waived. (*State v. Childs,* 198 Kan. 4, 11, 422 P. 2d 898.) Appellate courts will review only questions shown by the record to have been presented to the district court.

(*Rich v. Yoder*, 170 Kan. 726, 228 P. 2d 533.) However, if we over-look the appellant's failure to make a specific objection, and consider the question on its merits, this court would be faced with the question of the district court's discretion. In *Davis v. Best Cabs, Inc.*, 203 Kan. 930, 457 P. 2d 516, we held:

"The power to modify orders properly entered as a result of pretrial confer-ence (K. S. A. 60-216) rests in the sound discretion of the trial court." (Syl. ¶ 1.)

Other questions raised by the appellant have been considered and found to be without merit. We note briefly, however, the jury's verdict is supported by substantial evidence based upon present use of the quarter section, that is, agriculture and grazing purposes.

We now turn to the appellees' cross-appeal from the order of the district court denying their application for costs, such as payment for expert witnesses and attorney fees. Appellees argue with some justification they are not fully compensated if their expenses of a successful appeal, including attorney fees, are not paid by the con-demning authority. However, we find no provision in our statutes specifically providing for attorney fees in condemnation cases. In the absence of such a specific provision, attorney fees will not be allowed. In *McGuire v. McGuire*, 190 Kan. 524, 376 P. 2d 908, this court stated:

"The law of this jurisdiction is well-established that attorney fees and expenses of litigation, other than court costs, incurred by a prevailing party in an action, are not chargeable as costs against the defeated party, in the absence of a clear and specific statutory provision therefor. See, *e. g., State, ex rel., v. Sage Stores Co.*, 158 Kan. 146, 145 P. 2d 830; *Murrow v. Powell*, 167 Kan. 283, 205 P. 2d 1193; *Vonachen v. Pratt Glass Co.*, 172 Kan. 545, 241 P. 2d 775; *Ablah v. Eyman*, 188 Kan. 665, 682, 365 P. 2d 181.

"Of a certainty the rule of the decisions just cited is equally, if not more so, applicable to situations where defeated parties are seeking the allowance of attorney fees.

"In *Maston v. Maston*, 171 Kan. 112, 229 P. 2d 756, a child custody case, with specific reference to the provisions of G. S. 1949, 60-1507, we said at page 115 of the opinion that 'The allowance of attorney fees is wholly statutory, and insofar as the instant case is not covered by statute, it is no different from any other law suit between the individuals where there was no contract to pay attorney fees.' " (l. c. 531, 532.)

A careful examination of the record discloses no trial errors that would justify a reversal of the judgment.

The judgment is affirmed.