No. 48,133

STATE OF KANSAS, *Appellee,* v. ROBERT EUGENE MITCHELL, *Appellant.*

(556 P. 2d 874)

Opinion filed November 6, 1976.

*Edward G. Collister, Jr.,* of Lawrence, argued the cause, and was on the brief for the appellant.

*Joseph L. Dioszeghy,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, and *Margaret W. Jordan,* district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal in a criminal action from a jury verdict which found Robert Eugene Mitchell (defendant-appellant) guilty of aggravated robbery. (K. S. A. 21-3427.)

The appellant contends prejudicial error was committed by the admission of statements in evidence concerning his arrest on a similar charge, by the introduction of a weapon similar to the holdup weapon and by the suggestive use of photographs.

On June 18, 1974, Mark McCurnin, the assistant manager of Pier I Imports at 5301 Johnson Drive, Mission, Kansas, was counting money in the upstairs office when a man went up there, pulled an automatic pistol and said, "give me the money." Mr. McCurnin, who had previously observed the man in the well-lighted store, went to within three feet of the robber and turned the money over. Mr. McCurnin described the robber as a Caucasian of fair complexion, 5′ 9″ to 5′ 10″ and 130 to 140 pounds.

Kathy Minteer, a cashier at Pier I on June 18, 1974, noticed a man 5′ 6″ to 5′ 7″ with dark hair and a dark tan who kept his face hidden from her with an Indian print bedspread over his shoulder, but she could not identify the appellant as the man in the store. The robber left the store with the Indian print bedspread which he used to open the door to avoid fingerprints.

On June 29, 1974, the appellant was arrested and charged with attempted robbery. He was searched incident to the arrest and a nine millimeter automatic pistol was taken from him. The charge against the appellant on the June 29th incident was tried first, and his motion for a judgment of acquittal was sustained at the close of the state's evidence.

On July 8, 1974, five photographs were placed on a table by the police and viewed by Mr. McCurnin. Mr. McCurnin picked a photograph of the appellant as the man who robbed Pier I. At trial Mr. McCurnin stated there was no doubt the appellant was the robber. He identified the gun taken in the June 29th arrest as similar to the gun used in the robbery.

The appellant did not testify. His only evidence was presented

by way of an alibi. After all the evidence was heard, the jury deliberated for eight hours and found the appellant guilty of aggravated robbery.

The appellant first contends prejudicial error was committed when the state introduced statements into evidence that the appellant had been arrested upon a similar charge. The appellant argues the prejudicial remarks commenced in the state's opening statement when the prosecuting attorney stated:

"Then, ladies and gentlemen, the State intends to prove that on the 29th day of June of 1974 this defendant, Robert E. Mitchell, was arrested by a police officer, Mr. Mall, at a K-Mart store. He was searched incident to that arrest and a nine millimeter automatic pistol was taken from his possession. This pistol taken from the possession of the defendant matches that given by the victim, Mr. Mark McCurnin."

During the trial some further facts regarding the appellant's arrest and possession of an automatic pistol were elicited. The defense called as a witness Detective Steve Rainey of the Johnson County Sheriff's Department. In response to a proper question on cross-examination by the prosecutor concerning dates on the photographs shown to Mr. McCurnin, Detective Rainey stated, "Mr. Mitchell was arrested prior to this offense for a similar offense."

This was an unforeseeable and unresponsive answer to the question. The appellant's objection to this statement was sustained and the court admonished the jury to disregard the statement. The appellant's motion for a mistrial was overruled. The prosecutor then commenced his next question as follows, "Q. Mr. Rainey, without making any reference to the arrests or anything of that nature. . . ."

The appellant contends the cumulative effect of this information prejudiced the jury. He also argues the June 29th arrest was totally irrelevant, incompetent and immaterial to this case.

Here the prosecution's opening statement and its evidence in chief were specifically limited to the fact of the arrest of the appellant on June 29, 1974, at a K-Mart store, the search of his person incident to that arrest, and the seizure of a Browning nine millimeter automatic pistol by the arresting officer. The prosecution's purpose in showing the appellant's subsequent arrest was to show the lawfulness of the search of the appellant on June 29, 1974, which produced the automatic pistol taken from his possession and that pistol taken from the appellant was similar to the one used by the gun-wielding robber at the Pier I Imports store on June 18, 1974. The

evidence was relevant to prove one of the primary issues in the trial of the case, the identity of the appellant.

The fact that the appellant was charged and acquitted of the attempted robbery at the K-Mart store on June 29th for failure of the state to establish an overt act is totally immaterial to the instant case. The jury was never apprised of these facts. The unsolicited remark of Detective Rainey, who erroneously referred to a "prior" similar offense, was stricken by the trial judge and the jury admonished to disregard the remark. This will be discussed later in the opinion.

Concededly, evidence of other crimes is not admissible to show a disposition of the defendant in a criminal action to commit crime. However, if evidence is relevant to show commission of the offense charged, such as the identity of the criminal, it is admissible independent of K. S. A. 60-455. The fact that it may tend to connect the appellant with another crime does not render it incompetent. (*State v. Solem*, 220 Kan. 471, 476, 552 P. 2d 951; *State v. Farris*, 218 Kan. 136, 542 P. 2d 725; and *State v. Rasler*, 216 Kan. 582, 533 P. 2d 1262.) A thorough discussion on this subject is found at 1 Wharton's Criminal Evidence, § 241, *et seq.*, 13th Ed. (1972); and 1 Underhill's Criminal Evidence, § 205, *et seq.*, 6th Ed. (1973).

If any error was committed by Detective Rainey's remark, we hold the unsolicited and unresponsive remark constituted harmless error under the circumstances. (*State v. Robinson*, 219 Kan. 218, 547 P. 2d 335; *State v. Bradford*, 219 Kan. 336, 548 P. 2d 812; and *State v. Childs*, 198 Kan. 4, 11, 422 P. 2d 898.) These cases dealt with an unforeseeable and unresponsive answer to a proper question. The cases recognize it is impossible for the court in advance to exclude an improper answer to a proper question. Therefore, the cases seem to turn on whether a limiting instruction was given and the degree of prejudice. In the case at bar any possible prejudice to the appellant was cured by the court's admonition to the jury. (*State v. Bradford*, supra at 338; *State v. Holsey*, 204 Kan. 407, 464 P. 2d 12.)

A defendant is entitled to a fair trial but not a perfect one. The erroneous admission of evidence during a trial does not in every case require a reversal of a conviction. It is only where the erroneous admission of evidence is of such a nature as to affect the outcome of the trial and amounts to denial of substantial justice that a conviction must be reversed. (*State v. Bly*, 215 Kan. 168,

523 P. 2d 397; and *State v. Farris,* supra at 140.) Counsel for the state argue in the appellee's brief that a limiting instruction on evidence relating to the arrest was given. However, the limiting instruction is not included in the record.

The appellant next contends prejudicial error was committed when the state introduced a weapon insufficiently identified as the weapon used in the Pier I Imports store robbery.

Mr. McCurnin was asked if he recognized the pistol taken from the appellant at his June 29th arrest. He testified, "This looks very much like or looks very similar to the one he was using." Cross-examination revealed that Mr. McCurnin had described the robber's weapon as having a lightness around the barrel. Although the weapon introduced by the state had no light-colored barrel, Mr. McCurnin explained the description as possibly being the reflection of the fluorescent lighting in the store. Despite vigorous cross-examination, Mr. McCurnin maintained the weapon taken from the appellant at the time of his arrest looked very similar to the robbery weapon.

A similar situation existed in *State v. Ponds and Garrett,* 218 Kan. 416, 543 P. 2d 967. There this court held:

"Where a weapon found in the possession of a defendant is identified as being similar to one used in the crime, the lack of positive identification goes to its weight as evidence and not to its admissibility." (Syl. 6.)

"The admissibility of physical evidence is to be determined by the trial judge, who must be satisfied as to its relevance and its connection with both the accused and the alleged crime." (Syl. 4.)

"When a physical object is offered in evidence and a question of fact arises as to its connection with either the defendant or the crime, unless it is clearly irrelevant the object should be admitted for such weight and effect as the jury sees fit to give it." (Syl. 5.)

Generally, the admissibility of physical evidence is within the sound discretion of the trial court, subject to exclusionary rules, and is to be determined by the court on the basis of its relevance. (*State v. Beard,* 220 Kan. 580, 552 P. 2d 900; and *State v. Brown,* 217 Kan. 595, 538 P. 2d 631.) Examining the facts here, the automatic pistol was sufficiently identified to be admissible in evidence. No abuse of discretion is shown.

The appellant next contends prejudicial error was committed by the manner in which photographs were shown to the complaining witness. He alleges the photographs suggestively and impermissibly pointed to him. He further contends the state was unable to produce the photograph actually exhibited to the complaining

witness, thus denying his counsel an ample opportunity to cross-examine the complaining witness.

Clearly a photographic identification procedure which is "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification" will be set aside. (*Simmons v. United States*, 390 U. S. 377, 384, 19 L. Ed. 2d 1247, 88 S. Ct. 967; and *State v. Nesmith*, 220 Kan. 146, 148, 551 P. 2d 896.) But the appellant's contentions are based largely on conjecture. Detective Rainey testified neither he nor Detective Scofield in any way suggested to Mr. McCurnin which photograph was the one of the suspect in the Pier I robbery. Nothing in Mr. McCurnin's testimony indicates the police suggested a particular photograph. Mr. McCurnin had ample opportunity to view the unmasked robber in a well-lighted store. When Mr. McCurnin first passed the appellant, his attention was drawn to the appellant because the appellant gave him a very funny stare. Mr. McCurnin's photographic identification was made approximately three weeks after the robbery, and Mr. McCurnin was positive in his identification. (See, *Neil v. Biggers*, 409 U. S. 188, 34 L. Ed. 2d 401, 93 S. Ct. 375; and *State v. Nesmith*, supra at 148.)

Mr. McCurnin described the robber as one in his early twenties. By examining the back of the photos, which were not shown to the witnesses, it can be ascertained that two photographs were of men in their early thirties. No objection was made as to the other three photographs. On the record presented we find no impermissible suggestions in the photographic identification procedure on this point. (See generally Annot., 39 A. L. R. 3d 1000 [1971].)

Furthermore, the front of the photographs show the dates they were taken. The appellant's photograph was taken shortly after his June 29, 1974, arrest. The other photographs were taken in December 1972, May 1969, April 1967 and July 1969. Because the appellant's photograph was the most recently taken, he argues this suggested he was the robber. No basis exists for such a conclusion. As the state argues, the police could very well have recently discovered that a likely suspect was an individual who had been arrested for another offense and had been photographed several years ago. In other cases involving dates on the front of photographs, witnesses have not connected the dates on the photographs with a particular defendant. (*Reed v. State*, 281 A. 2d 142 [Del. Sup. 1971]; *People v. Hart*, 10 Ill. App. 3d 857, 295 N. E. 2d 63

[1973]; *United States v. Counts,* 471 F. 2d 422 [2d Cir. 1973], *cert. denied,* 411 U. S. 935, 36 L. Ed. 2d 395, 93 S. Ct. 1909; *United States ex rel. Reed v. Anderson,* 343 F. Supp. 116 [D. Del. 1972]; and *Frederick v. Reshetylo,* 363 F. Supp. 956 [N. D. Ohio 1973].)

On the facts and circumstances presented by this record, we cannot say the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.

Because the police lost the photograph of the appellant shown to Mr. McCurnin, that particular photograph could not be shown to the appellant's counsel. However, a copy of that photograph was made from the *same negative* and shown to the appellant's counsel. On the record here presented this serves as no basis upon which to predicate error.

If it be assumed the photographic identification procedures were prejudicially tainted, Mr. McCurnin's in-court identification provides an independent identification of the appellant when he stated:

"Based upon my observations of the defendant at the rice cooker and in the office on the stairs there is no doubt in my mind that the man who robbed me is the defendant present in court today."

(*State v. Nesmith,* supra at 149; *State v. Winston,* 214 Kan. 525, 520 P. 2d 1204; and *State v. Hill,* 209 Kan. 688, 498 P. 2d 92.)

The appellant last contends the state failed to sustain its burden of proof to show the crime committed was aggravated robbery as opposed to simple robbery. The appellant argues it is not shown he possessed a loaded gun and thus he should not be charged with an aggravated robbery. Of course, with an automatic pistol a witness cannot tell whether a gun is loaded unless a shot is fired. Therefore, many courts have recognized one can be convicted of robbery by means of a dangerous weapon or deadly weapon, notwithstanding the fact that the gun allegedly used was unloaded. (Annot., 79 A. L. R. 2d 1412, 1426, § 7 [1961]; and see, *The State v. Archer,* 8 Kan. App. 737, 54 Pac. 927.)

The judgment of the lower court is affirmed.