No. 47,102

STATE OF KANSAS, *Appellee*, v. DONNIE LEE MILES, *Appellant*.

(515 P. 2d 742)

Opinion filed November 3, 1973.

*William M. Mills*, of Gilliland, Hayes, Goering and Mills, of Hutchinson, argued the cause and was on the brief for the appellant.

*Porter K. Brown*, County Attorney, argued the cause, and *Vern Miller*, Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

KAUL, J.: Defendant was convicted of burglarizing a hardware store in Hutchinson. Defendant was arrested in the store shortly after the Hutchinson Police Department had been notified by an unknown informant of the sound of breaking glass in the vicinity of the store.

On arriving at the scene, the officers found the glass broken out of the front door of the hardware store. Soon after the officers entered the store, defendant stood up behind a counter in the rear and was heard to cry out "I give up." Defendant was placed under arrest for burglary and when "frisked" by the officers two "fruit knives," later identified by the store owner, were found in defendant's coat pocket.

After a jury trial, the state produced evidence of two prior felony convictions and sentence was enhanced to a term of not less than nine nor more than thirty years pursuant to the provisions of K. S. A. 1972 Supp. 21-4501 (*d*) and 21-4504 (amended by Laws 1973, Chapter 141). Thereafter defendant appealed *pro se* and present counsel was appointed to represent him.

Defendant specifies three points of error on appeal. He first claims the verdict was contrary to the law and the evidence. On this point defendant argues that burglary, as defined in K. S. A. 1972 Supp. 21-3715, contains the elements of knowingly entering a building

with the intent to commit a felony therein and that the evidence disclosed that he was so intoxicated that he could not have had he capacity to form the necessary intent, or possess the required knowledge. In support of his argument defendant cites the provisions of K. S. A. 1972 Supp. 21-3208 which restates in section (1) our law concerning the defense of intoxication when involuntarily produced. Section (2) of the act provides, in substance, that when a particular intent or other state of mind is a necessary element of a particular crime, the fact of intoxication may be taken into consideration in determining such intent or state of mind.

In his testimony defendant described an extensive drinking spree in the hours preceding his arrest. However, the arresting officer testified that defendant did not stagger nor slur his words, and even though the odor of some kind of alcoholic beverage was detected defendant was not, in the officer's opinion, intoxicated to a point where he did not know what was going on. Under the evidence adduced the issue was clearly a question for the jury. (*State v. Harden*, 206 Kan. 365, 480 P. 2d 53; and *State v. Rumble*, 81 Kan. 16, 105 Pac. 1.) The jury after being properly instructed (PIK [Criminal] 54.12) resolved the issue against defendant and its determination thereof cannot be disturbed.

Defendant's next contention relates to statements made by defendant to officer Owston, the arresting officer, while enroute to the police station. Some of defendant's statements were recited by officer Owston in his testimony which defendant claims was error since no "Miranda" warning was given. Defendant's position on this point is untenable. The record discloses that defendant's statements were clearly voluntary and spontaneous. Officer Owston testified that he asked no questions of defendant which is readily understandable since there was no need for questioning in view of the obvious circumstances surrounding defendant's arrest. This court has said there is no requirement that an accused be gagged to prevent his making voluntary expressions of guilt. (*State v. Denney*, 206 Kan. 511, 479 P. 2d 820.) In *State v. Broadus*, 206 Kan. 766, 481 P. 2d 1006, we held:

"Voluntary spontaneous statements of an incriminating nature, not elicited through custodial interrogation, are not within the ban of the 'Miranda rule' and are admissible in evidence." (Syl. ¶ 1.)

Finally, defendant contends the sentence imposed constitutes cruel and unusual punishment in the light of the offense committed.

It is true, the two knives found in defendant's possession were only valued at $11.90 by the store owner. However, as the state points out, defendant's activities were interrupted within minutes after the breaking glass was reported to the police. The sentence imposed falls within the limits prescribed by the applicable statutes (21-4501 [d] and 21-4504, supra.) and, thus, cannot be said to be excessive. (*State v. Owens & Carlisle*, 210 Kan. 628, 504 P. 2d 249; *Clinton v. State*, 210 Kan. 327, 502 P. 2d 852; and *Cipolla v. State*, 207 Kan. 822, 486 P. 2d 1391.)

The judgment of conviction and sentence is affirmed.