No. 47,756

STATE OF KANSAS, *Appellee*, v. DONALD O'NEAL GRIFFIN, *Appellant.*

(538 P. 2d 720)

Opinion filed July 17, 1975.

*Kerry J. Granger*, of Hutchinson, was on the brief for the appellant.

*Curt T. Schneider*, attorney general, and *Porter K. Brown*, county attorney, were on the brief for the appellee.

*Per Curiam:* This appeal is from a conviction of aggravated robbery and resisting arrest.

In the early evening hours of June 28, 1973, Snyder's Liquor Store, located in Hutchinson, Kansas, was robbed. The liquor store attendant testified that a man, whom he later identified as the appellant, came into the store and asked for a fifth of Hill and Hill whiskey. The attendant turned around to get the liquor and when he turned back the appellant was holding a revolver and ordered the attendant to hand over all the money in the cash register. Apparently, the gun was fired during the course of the robbery. The robber left the store with the money ($300 to $360) and the liquor.

Officer Robert Miller of the Hutchinson Police Department was patrolling approximately three blocks from the liquor store when the robbery occurred, and was dispatched to the store to investigate. The dispatch described the robber as a short, young black male in dark clothes and advised the officer that money and a fifth of Hill and Hill whiskey had been taken.

As Officer Miller was going east to the liquor store, he saw a station wagon traveling west toward him. The station wagon caught his attention for several reasons: (1) it was coming from the direction of the liquor store; (2) it contained three black males; (3) Miller recognized the front seat passenger as Cedrick Jackson, whom Miller had known before; (4) Jackson turned clear around in his seat and looked at Miller after Miller had gone by; (5) the station wagon then put on its left turn signal and pulled into a left turn bay area until another police car crossed in front of the station wagon traveling south. The station wagon then accelerated across

the street and continued west, instead of making the indicated left turn to the south. At this time, Miller felt something was amiss and turned around to pursue the station wagon.

As Miller followed the station wagon, he saw a passenger in the back seat, who turned out to be the appellant, "kinda digging down around the floorboard and raised up one time and went back, and looked like making some kind of furtive movements underneath."

Miller stopped the station wagon and shortly thereafter Officer Sharp arrived on the scene. As Sharp approached the station wagon he observed a whiskey bottle wrapped in a paper sack laying in the back seat. Sharp checked with headquarters and ascertained that a fifth of Hill and Hill had been taken. Upon removing the bottle from the sack he discovered the bottle was a fifth of Hill and Hill whiskey.

Sharp also found a .22 caliber revolver under the front seat on the passenger side. During this time neither officer asked any of the occupants of the station wagon for permission to search nor did the officers have a search warrant.

Miller then transported the appellant back to the liquor store where the attendant identified the appellant as the man who had robbed him approximately fifteen minutes earlier.

At this point Miller advised the appellant he was under arrest and started to handcuff him. Appellant began struggling violently and Miller required the assistance of two other officers to subdue him. The charge of resisting arrest stemmed from this struggle.

The appellant was then taken to the county jail. At the booking window Officer Miller attempted to advise the appellant of his Miranda rights, but the appellant interrupted, saying he did not need to be informed of his rights because he was already aware of them. Miller testified that as he was accompanying the appellant to a cell, the appellant stated that he wanted to talk with Miller at a later time because "he wasn't the only one in on this thing and he wasn't going to stand this heat alone."

Shortly thereafter, Officers Miller and Sharp returned to the station wagon, which had been locked in their absence, to search it. Miller testified that the station wagon was registered to one Marion Crawford, and he further stated that Crawford "said something about he didn't have any objection to us looking in it." The officers located $177 underneath the right rear seat of the station wagon.

The appellant complains on appeal that: (1) the station wagon was illegally searched, so the whiskey, revolver and money were

illegally seized; (2) his statements to Miller were inadmissible because the appellant had not been fully and properly advised of his rights; (3) the on-the-scene identification was inherently prejudicial, and (4) the conviction is not supported by the evidence since only $177 was found in the station wagon and approximately $330 was taken from the store.

With respect to the appellant's first three points the record does not disclose an objection on the part of the appellant to the admission of any of the evidence complained about. This court has consistently held that a verdict will not be reversed by reason of erroneous admission of evidence unless the party objecting to its admission interposes a timely objection which makes clear the specific grounds therefor. (K. S. A. 60-404; *State v. Lee,* 197 Kan. 463, 419 P. 2d 927; and *State v. Parker,* 213 Kan. 229, 516 P. 2d 153.)

Even had there been objections there would still be no merit to the appellant's points on appeal.

The physical evidence was admissible because appellant claims no interest in the station wagon or the property seized and therefore has no standing to object to the seizure (*State v. Sumner,* 210 Kan. 802, 504 P. 2d 239). In addition, the money was seized pursuant to a search authorized by the owner of the vehicle. Finally, the whiskey and revolver were seized because of Officer Sharp's belief, based on probable cause, that the contents of the automobile offended against the law. (*State v. Garcia & Bell,* 210 Kan. 806, 504 P. 2d 172; *State v. Atkinson,* 215 Kan. 139, 523 P. 2d 737.)

Appellant's second point lacks merit because his statements to Miller were voluntary and spontaneous, and were not elicited through custodial interrogation. (*State v. Miles,* 213 Kan. 245, 515 P. 2d 742.)

Thirdly, the on-the-scene identification of the appellant by the liquor store attendant, within minutes of the offense, was not improper. This court has approved similar identifications. (*State v. Meeks,* 205 Kan. 261, 469 P. 2d 302; *State v. Kress,* 210 Kan. 522, 502 P. 2d 827.)

Finally, the fact that not all of the stolen money was recovered is of no consequence. The store attendant's identification coupled with the evidence seized and the appellant's incriminating statements amply support the verdict.

The judgment is affirmed.

FROMME, J., not participating.