No. 48,238

STATE OF KANSAS, *Appellee,* v. THADDEUS JONES *Appellant.*

(563 P.2d 1021)

Opin-ion filed April 9, 1977.

*Michael B. Roach*, of Boyer, Donaldson & Stewart, of Wichita, argued the cause and was on the brief for the appellant.

*Stephen M. Joseph*, assistant district attorney, argued the cause, and *Curt T. Schneider*, attorney general, and *Vern Miller*, district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: This is a direct appeal from jury convictions for two counts of aggravated robbery (K.S.A. 21-3427), and one count of unlawful use of a credit card (K.S.A. 21-3729). Defendant Thaddeus Jones has acquiesced in the conviction for unlawful use of a credit card and has limited his appeal to the convictions for aggravated robbery.

On January 27, 1975, two black males entered the LaSheek Hair Fashions beauty salon in Wichita, Kansas. Armed with a knife, one of the men approached the owner of the business, Faye L. Frank, and demanded money. They took a bank bag containing checks and twenty-seven dollars in cash, plus Mrs. Frank's bill-fold containing between fifteen and twenty dollars, her check-book and several credit cards. A patron of the salon was also robbed of a billfold containing five or six dollars and several credit cards.

The next day Jones and James Miller entered Michael's Mens Wear store in Wichita. They told a salesman they needed some clothing and tried on several items. Eventually several items were

selected. A salesman prepared a sales slip for $184.79. Miller presented a Master Charge card for payment. It was one taken in the beauty shop robbery the previous day. Miller said the card was issued to his uncle. As was customary with large credit purchases the salesman telephoned the Master Charge office for verification. Master Charge informed him the card was stolen and called police. Before police arrived at the store, Jones walked out. When police arrived and learned what had transpired they arrested Miller and radioed other officers to pick up Jones. He was apprehended a few minutes later and brought back to the store. Jones denied having been in the store or knowing Miller. Further, he denied any knowledge of the stolen credit card. Jones and Miller were informed of their *Miranda* rights en route to the police station.

On January 29, 1975, Jones was placed in a line-up and the two victims identified him as one of the robbers. Police subsequently determined that his accomplice was not James Miller. Later that day charges were filed against Jones and Dennis Shaw.

### I. Severance of Defendants

As his first claim of error defendant Jones states he should have been given a trial separate from codefendant Shaw.

Defendant and Shaw were charged jointly with the two aggravated robberies. Defendant faced the additional count of unlawful use of a credit card. Before trial Shaw moved for a separate trial. His motion was denied. Shaw renewed his motion at the start of trial and it was again denied. Defendant did not join in either motion or present to the court his own motion for severance. The argument has no merit for two reasons.

First, K.S.A. 22-3204 indicates that a trial court may order a separate trial "for any one defendant when requested by such defendant or by the prosecuting attorney." This defendant did not request a separate trial and thus waived the right to make such a request. (*State v. Madden,* 90 Kan. 736, 136 Pac. 327.)

Second, 22-3204 does not give a defendant an absolute right to a separate trial, but leaves the matter to the sound discretion of the trial court. The defendant must show actual prejudice. (*State v. Sully,* 219 Kan. 222, 547 P. 2d 344; *State v. Norwood,* 217 Kan. 150, 535 P. 2d 996; *State v. Cameron & Bentley,* 216 Kan. 644, 533 P. 2d 1255.) The only prejudice alleged by defendant was the fact both defendants were black and "evidence as to one black male

cannot but prejudice a jury as to another black male being tried at the same time."

The defendants were tried on offenses which arose out of the same set of circumstances, required the same mode of trial and the same evidence. It was proper for them to be tried together. *(State v. Williams & Reynolds,* 217 Kan. 400, 403, 536 P. 2d 1395; *State v. Ralls,* 213 Kan. 249, 257, 515 P. 2d 1205.)

## II. Free Transcript

Defendant complains of error because he was not provided with a free transcript of the preliminary hearing.

Defendant has failed to provide this court with a record adequate to review this point. The record contains nothing to indicate a request for transcript was ever made. It is the obligation of the appellant to designate a record sufficient to present his points to this court and to establish the error. (*State v. Wilson & Wentworth,* 221 Kan. 359, 363, 559 P. 2d 374; *State v. Farris,* 218 Kan. 136, 542 P. 2d 725.)

Assuming defendant made a motion for a transcript and it was denied by the trial court, he has failed to show his rights were prejudiced. The right of an indigent defendant to have access to a transcript of a prior hearing has been discussed by this court on several occasions. See *State v. Jordan,* 220 Kan. 110, 551 P.2d 773; *State v. Wheeler,* 215 Kan. 94, 523 P.2d 722; *State v. Greene,* 214 Kan. 78, 519 P.2d 651; *State v. McVeigh,* 213 Kan. 432, 516 P.2d 918; *State v. Julian,* 212 Kan. 169, 509 P.2d 1123; *State v. Kelley,* 209 Kan. 699, 498 P.2d 87. These cases recognize that an indigent defendant must be provided with the basic tools for an adequate defense when they are needed and available for a price to other defendants. A transcript of a prior proceeding is one such tool. However, a defendant need not be provided a transcript at the state's expense if other viable alternatives are available. These include the use of discovery tools, readback of reporter's notes when the reporter is readily available, and sharing transcripts which are available to the prosecution.

From the state of the record it does not appear defendant explored any of the alternatives which might have been available to him, nor does it appear the failure to provide a free transcript prejudiced his rights.

### III. Defendant's Statement

The day after defendant and James Miller were arrested in Michael's Mens Wear store, they were placed in a line-up by the Wichita police. The two victims identified defendant as one of the robbers. After the line-up was concluded, defendant motioned to the police officer who conducted the line-up to come over to defendant. The officer walked over to him, whereupon defendant asked the officer if either he or Miller had been identified in the line-up. The officer said, "Yes." Defendant then stated, "Miller wasn't with me on the robbery."

During the course of the trial the court held a *Jackson v. Denno* hearing outside the presence of the jury. The police officer who conversed with defendant testified and set forth the above conversation. Defendant also testified. He did not deny a conversation took place in the manner described by the officer, but did dispute the substance of his statement. According to him, he told the officer, "Man, what [are] you talking about. You all picked me and James from the line-up; me and James didn't have nothing to do with it."

The statement was admitted in evidence and presented to the jury. When a trial court conducts a full pretrial hearing on the admissibility of an extrajudicial statement by an accused, determines the statement was freely, voluntarily and intelligently given and admits the statement into evidence at the trial, this court on appeal should accept that determination if it is supported by substantial competent evidence. (*State v. Creekmore,* 208 Kan. 933, Syl. 2, 495 P. 2d 96; *State v. Smith,* 216 Kan. 265, Syl. 1, 530 P. 2d 1215.) The trial court's decision is supported by substantial competent evidence. Defendant had been read his rights and indicated he understood them. The statement was not the product of an interrogation, but resulted from a conversation initiated by defendant. On many occasions this court has stated that statements which are voluntary and spontaneous, and not the result of interrogation, are admissible. (*State v. Andrews,* 218 Kan. 156, 542 P. 2d 325; *State v. Griffin,* 217 Kan. 703, 538 P. 2d 720; *State v. Wilson,* 215 Kan. 28, 523 P. 2d 337; *State v. Miles,* 213 Kan. 245, 515 P. 2d 742; *State v. Nirschl,* 208 Kan. 111, 490 P. 2d 917.)

### IV. Juror's Notes

During the course of the trial, the court brought to the attention

of counsel, out of the presence of the jury, that he had observed a juror taking notes. The prosecutor indicated to the court that he had also observed another juror taking notes. At the request of the prosecutor the court had the two jurors brought into chambers and advised them that note-taking was not proper and requested they surrender their notes. The jurors did so. The court asked whether any party had a motion to make. Codefendant Shaw's counsel stated that he didn't think anyone wanted a mistrial. Defendant's counsel made no motion or objection to the action of the court at that time or at any other time during trial.

Defendant now argues the trial court committed error by failing to grant a mistrial or instructing the jury in some manner. The argument is without merit. First, defendant did not object to the court's conduct. Timely objection is required to preserve a point for appeal. (*State v. Faulkner*, 220 Kan. 153, 158, 551 P. 2d 1247, and cases cited therein.) In any event, the fact a juror takes notes during trial does not create error per se; a defendant must show that there has been prejudice of his substantial rights. (*State v. Horne*, 215 Kan. 448, 524 P. 2d 697; *State v. Jackson*, 201 Kan. 795, 443 P. 2d 279, cert. denied, 394 U.S. 908, 22 L. Ed. 2d 219, 89 S. Ct. 1019.) Defendant does not show any prejudice and since the jurors did not have the notes they had taken, defendant's rights could not have been affected in jury deliberations.

### V. Admission of Codefendant's Statements

The state used a police detective to relate to the jury a conversation between codefendant Dennis Shaw and Sheila Trotter. Ms. Trotter was present in the courtroom at the time the detective related the conversation. According to Ms. Trotter's story, Shaw came to her house and asked her to provide him with an alibi for January 27, during the time of the robbery. The detective stated that Shaw told Ms. Trotter he (Shaw) and Jones had committed the LaSheek robberies. Immediately after the detective related this statement to the jury implicating Jones, the prosecutor asked if counsel could approach the bench. The trial court granted the request and excused the jury for their afternoon recess. Thereupon the court moved the conference to chambers. There the prosecutor informed the court that the witness had commented on a statement made by one defendant which implicated a codefendant. The prosecutor wanted to speak with the witness, apparently to admonish him to stay away from such conversations.

The trial court noted that no objection had been made by either defendant. Defendant Jones' counsel then stated, "About what— no objection about what? I mean, I haven't heard anything like that before." He then asked the court reporter to read back the statement of the witness. After detailed discussion court and counsel agreed it was hearsay as to Jones, but not as to Shaw. The court then stated that although the statement had completely slipped by Jones' counsel, the court would admonish the jury to disregard the statement. Counsel stated he would rather that not be done because it would only draw attention of the jury to the statement. At that point the court reconvened. The jury was not admonished. It does not appear from the record that the statement was again brought before the jury.

Defendant now alleges the jury should have been admonished to disregard the statement. This specification of error has no merit. While the statement was inadmissible because it was hearsay and violated the confrontation rule (*State v. Mims*, 220 Kan. 726, 732-33, 556 P. 2d 387; *State v. Oliphant*, 210 Kan. 451, 502 P. 2d 626; *Bruton v. United States*, 391 U.S. 123, 20 L. Ed. 2d 476, 88 S. Ct. 1620), defendant failed to make an objection contemporaneous with the introduction of the erroneous evidence and we cannot review the error. (K.S.A. 60-404; *State v. Andrews*, supra.) This is true even though the evidence introduced infringes upon defendant's constitutional rights. (See, *State v. Fisher*, 222 Kan. 76, 563 P.2d 1012.)

### VI. Motion for Acquittal

As his last specification of trial error defendant asserts he should have been discharged at the conclusion of the state's evidence. He argues the evidence is insufficient to sustain a conviction.

A motion for acquittal is tested by the rule stated in *State v. Gustin*, 212 Kan. 475, 510 P. 2d 1290:

"A trial judge in passing upon a motion for judgment of acquittal must determine whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt. If he concludes guilt beyond a reasonable doubt is a fairly possible result, he must deny the motion and let the jury decide the matter. If he concludes that upon the evidence there must be such a doubt in a reasonable mind, he must grant the motion." (Syl. 3.)

The evidence in this case consisted primarily of defendant's possession of a recently stolen credit card, his statement to police after the line-up, and the identification of two eyewitnesses who were victims in the robberies. Defendant argues the evidence was insufficient by attacking inconsistencies in the testimony of these victims. Reconciling inconsistencies and assigning weight to be given testimony is a job for the jury, not this court. We conclude the evidence was sufficient for a reasonable mind to find guilt beyond a reasonable doubt. The trial court did not err in overruling defendant's motion.

## VII. Motion for New Trial

After defendant had been sentenced and while his case was on appeal to this court, he made a motion for new trial based upon newly discovered evidence. The appeal was stayed and the case was remanded to Sedgwick District Court for a hearing on the motion. Evidence was heard and the motion was overruled. The appeal was reinstated.

Defendant argues the court erred in overruling his motion for a new trial. The evidence consisted of a letter written and sent to defendant's counsel by convicted codefendant, Dennis Shaw. The letter stated that Shaw had committed the robberies, but Jones was not the accomplice. Shaw said he enlisted a person by the name of Robert Marks of Denver, Colorado, to assist him in the robberies. Marks supposedly came to Wichita, helped Shaw commit the crimes and immediately left town, never contacting Shaw again. Shaw indicated he did not tell the story earlier because he felt the state's evidence was too weak to convict.

After conviction, Shaw felt guilty about his silence and thought he should come forward. He contacted a priest at the Hutchinson Reformatory where he was incarcerated, and the priest advised him to write the letter.

The priest testified at the hearing on the motion. While he could not testify as to whether Shaw was telling the truth about Robert Marks, he did state Shaw was suffering from some sort of spiritual problem.

The trial court overruled the motion for new trial on the basis that the evidence, if heard by the jury, would not have produced a different result at trial. It concluded the evidence against Jones,

particularly the positive identification by the witnesses, would have sustained the jury's verdict even if it had heard Shaw's story about Robert Marks. The court noted, however, that the problem would have been different if Jones had written the letter because the identification of Shaw was much weaker. The decision of the trial court must be supported on appeal unless it is shown the court abused its discretion. (*State v. Wright*, 221 Kan. 132, 557 P. 2d 1267; *State v. Campbell*, 207 Kan. 152, 483 P. 2d 495.)

The question before the trial court was whether the evidence would have produced a different result at trial had the jurors been told the story before they deliberated and decided the case. (*State v. Larkin*, 212 Kan. 158, 510 P. 2d 123; *State v. Green*, 211 Kan. 887, 508 P. 2d 883; *State v. Hale*, 206 Kan. 521, 479 P. 2d 902.)

In *State v. Rincones*, 209 Kan. 176, 495 P. 2d 1019, an inmate of the penitentiary at Lansing, one Junior Oscar Burns, wrote a letter stating he had committed the crime for which Ray Rincones had been convicted and incarcerated. The trial judge examined the trial transcript and the testimony of Burns and overruled the motion. This court affirmed the trial court stating that such motions should be granted with "great caution."

It is apparent the trial court did not believe Shaw's story would have swayed the jury to the point it would disregard the physical evidence in the case, as well as the two eyewitness identifications and defendant's statement. The trial court did not abuse its discretion.

The judgment of the trial court is affirmed.