No. 48,835

STATE OF KANSAS, *Appellee,* v. NATHANIEL WATIE, LINDA HEARD, and JUNIOUS HEARD, *Appellants.*

(574 P.2d 1368)

338

Opinion filed January 21, 1978.

*Brian G. Grace,* of Curfman, Brainerd, Harris, Bell, Weigand & Depew, of Wichita, argued the cause, and was on the brief for the appellant, Nathaniel Watie.

*Laurence S. Holmes,* of Wichita, argued the cause, and was on the brief for the appellants, Linda Heard and Junious Heard.

*Stuart W. Gribble,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, and *Vern Miller,* district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, C.J.: This is an appeal in a joint criminal action from a jury verdict which found Nathaniel Watie, Linda Heard and Junious Heard (defendants-appellants) each guilty of two counts of aggravated robbery (K.S.A. 21-3427) and one count of conspiracy to commit aggravated robbery (K.S.A. 21-3302).

Various trial errors are assigned on appeal for reversal of the convictions and judgment.

A brief summary of the facts leading to the appellants' arrest and trial will suffice. On the evening of April 3, 1975, a car was taken at gunpoint from Karen Beard at Nemer's Food Market on East Central Street in Wichita, Kansas, by a young black man. Ms. Beard later identified the appellant Junious Heard as the man.

At approximately 6:45 p.m. that same evening, Eugene P. Wetzel Jewelers, Inc., in Wichita was robbed at gunpoint by four black men of cash and jewelry valued in excess of $100,000. Shortly thereafter the men were seen getting into Karen Beard's stolen car and leaving the vicinity of the crime. Ms. Beard's car was later recovered and was found to contain a ring identified by Mr. Wetzel as one taken in the robbery. Three employees present in the Wetzel store during the robbery identified the appellants Nathaniel Watie and Junious Heard as the robbers.

Eventually, all three appellants along with Terry Beasley, Linda Heard's brother, were arrested by the Wichita police on April 23, 1975. Another brother, Jerry Beasley, was later arrested in July of 1975 and had a separate preliminary hearing on August 29, 1975. At both the appellants' preliminary hearing and Jerry Beasley's preliminary hearing, Bulynda Roxanna Ricks, a/k/a

Linda Lewis, testified that the appellant Linda Heard had attempted to sell her stolen diamonds on April 4, 1975. Linda Lewis stated the appellant was a longtime acquaintance who had admitted during their conversation that "me and my brothers robbed this place" referring to the Wetzel store. The appellants were subsequently bound over for trial.

Their cases were consolidated for trial on November 3, 1975, before the Honorable David Calvert. At the time of the trial, Linda Lewis was in Fort Worth, Texas, in federal custody undergoing a drug treatment program. After the state made several unsuccessful attempts to secure her presence as a witness, the trial court found Linda Lewis was unavailable pursuant to K.S.A. 60-459(g)(4) and allowed her testimony from the preliminary hearing to be read at the trial.

Each of the appellants testified in his own behalf and presented an alibi defense. The appellant Watie testified he was playing cards at his sister's house and with friends throughout the day. His story was corroborated by his sister and wife. The Heards testified they were buying drugs at a neighborhood store during the hours of the robberies.

Nevertheless, the jury found each appellant guilty of aggravated robbery and conspiracy. Their motions for new trial were denied and this appeal ensued.

The appellants contend the trial court erred in finding Linda Lewis was unavailable as a witness for purposes of the confrontation clause of the United States Constitution and in thereby permitting the reading of the preliminary transcripts of her testimony.

A brief discussion of the facts is necessary. During the week preceding the trial the state issued subpoenas for its witnesses. After checking with her parole officer the state prosecutor, Mr. Arbuckle, issued a subpoena for Linda Lewis at her last known address. On the morning of trial Mr. Arbuckle checked his subpoena list and discovered Linda Lewis had not been found. Later that afternoon after the trial had begun, Mr. Arbuckle was told Linda Lewis was in the custody of federal officials in Fort Worth, Texas, undergoing a narcotics evaluation. The next morning Mr. Arbuckle had an application for a writ of habeas corpus *ad testificandum* drawn up and delivered to a United States Marshal. Later that day federal officials informed the state they would not

comply with the order because it was not within Linda Lewis' best interests to be taken out of her drug program. Mr. Arbuckle then contacted Federal Judge Frank G. Theis who had control of Linda Lewis' case in the federal court. Judge Theis refused to order Linda Lewis' return. The presiding district court judge, Honorable David Calvert, also contacted Judge Theis and unsuccessfully requested Linda Lewis' return. At this time the state requested the testimony Linda Lewis gave in the appellants' preliminary hearings be admitted at the trial. The trial court then found Linda Lewis was unavailable in accordance with K.S.A. 60-459(g)(4) and allowed the testimony.

The appellants assert Linda Lewis was not unavailable because the mere absence of a witness from the jurisdiction because she is in prison does not provide a sufficient ground for suspension of a defendant's right of confrontation.

K.S.A. 60-459(g) defines the term "unavailable as a witness" as follows:

" 'Unavailable as a witness' includes situations where the witness is . . . (4) absent beyond the jurisdiction of the court to compel appearance by its process. . . ."

If the trial court finds the witness is unavailable it may allow the use of the testimony of the witness given at a preliminary hearing in accordance with K.S.A. 60-460(c) as an exception to the hearsay rule.

The standards for determining if a witness is unavailable for purposes of a criminal trial were recently discussed in *State v. Alderdice,* 221 Kan. 684, 561 P.2d 845. Our court reiterated the so-called "reasonable diligence rule" holding the prosecutor must make a good faith effort to obtain the witness's presence at trial. The court also addressed the confrontation issue stating:

". . . We have long held that preliminary hearing transcripts may be admitted upon trial under similar circumstances, and that the right of cross-examination initially afforded provides substantial compliance with the purposes behind the confrontation requirement. . . ." (p. 687.)

Of course, each case turns on its own facts and circumstances. (*State v. Steward,* 219 Kan. 256, 547 P.2d 773; and *State v. Kirk,* 211 Kan. 165, 169, 505 P.2d 619.) Here the prosecution did everything possible to obtain the presence of the witness. The appellants were each afforded an opportunity to cross-examine Linda Lewis at their preliminary hearing, and they were each

represented by the same counsel at both the trial and the preliminary hearing. Clearly no error exists in the admission of the testimony.

Furthermore, the finding of unavailability of the witness by the trial court was entirely within its discretion. The appellants have not alleged or shown an abuse of that discretion; thus, the finding of unavailability must stand. (*State v. Mims,* 222 Kan. 335, 338, 564 P.2d 531.)

The appellants, Linda Beasley Heard and Junious Heard, further contend their rights were prejudiced because the testimony of Linda Lewis was read to the jury again at its request. This contention is without merit. If the jury requests the trial court to have the testimony of any witness read to them it is proper for the trial court to require the official court reporter to do so in the presence of the parties to the action. (See *State v. Andrews,* 218 Kan. 156, 542 P.2d 325 and cases cited therein.) Upon the request of the jury that the testimony be read back to them, it was entirely within the trial court's discretion to allow the court reporter to read that testimony back to the jurors.

The appellant Watie also claims the trial court erred in not granting his motion to continue the trial until the witness, Linda Lewis, would be available to testify in person or to permit her to testify out of sequence.

The granting of a continuance in a criminal action is entirely within the sound discretion of the trial court. (*State v. Holt,* 221 Kan. 696, 699, 561 P.2d 435; *State v. Howard,* 221 Kan. 51, 557 P.2d 1280 and cases cited therein.)

The factors to be considered by the trial court were recently discussed in *State v. Howard,* supra, where it is said:

"When a continuance is requested during the trial of a case, the trial judge must weigh the many factors involved—possible prejudice to the defendant, the diligence (or lack of it) disclosed in attempting to secure the attendance of the witness, the materiality and importance of the probable testimony, and the probability of the witness' appearance at a later date if the continuance is granted. . . ." (p. 55.)

The appellant Watie argues a continuance would have permitted him to confront Linda Lewis at trial. This argument is based upon an assertion, unsupported in the record, Linda Lewis would be returned to Wichita within the time span of the trial. The only statements in the record that might indicate when Linda Lewis would return from Texas were statements to the effect she was undergoing a *30-60* day narcotics evaluation.

The appellant Watie further contends the state should have requested a continuance in lieu of using the transcript from the preliminary hearing. Under the circumstances the state was not required to request a continuance. In fact, it would have been meaningless for the state to request a continuance after the appellant's motion was overruled. Therefore, the trial court acted within its realm of discretion in refusing to grant a continuance and no abuse of discretion has been shown.

All of the appellants contend the trial court erred in permitting them to be tried together.

The original complaint in this action charged the appellants, together with Terry Beasley and Jerry Beasley, with the aggravated robbery of Karen J. Beard in Count One, the aggravated robbery of Wetzel's Jewelry Store in Count Two and the conspiracy to commit aggravated robbery in Count Three. Nathaniel Watie was additionally charged with corruptly influencing a witness but was subsequently acquitted of the charge. (The prosecution subsequently dismissed its case against the two Beasleys.)

Before the trial the appellant Watie filed a written motion for severance and the other appellants orally joined in the motion. The motion was denied and the case proceeded to trial.

The rules for joinder are well established in Kansas. K.S.A. 1977 Supp. 22-3202 provides two or more defendants can be tried together whenever the charges arise out of the same act or transaction. (*State v. Roberts,* 223 Kan. 49, 574 P.2d 164; *State v. Cameron & Bentley,* 216 Kan. 644, 533 P.2d 1255; and *State v. Wheeler,* 215 Kan. 94, 523 P.2d 722.) Under the provisions of K.S.A. 22-3204 the granting of separate trials rests within the sound discretion of the trial court and will not be overturned absent a showing of an abuse of discretion. (*State v. Coe,* 223 Kan. 153, 574 P.2d 929; and *State v. Jones,* 222 Kan. 56, 58, 563 P.2d 1021.) In the case at bar all of the charges arose out of the same transactions and basically all of the appellants were charged with the same crimes. Under these circumstances we find the trial court did not abuse the exercise of its power of discretion.

The appellant Watie also unsuccessfully renewed his motion at trial. As previously indicated the state's motion to introduce the prior testimony of Linda Lewis was granted pursuant to K.S.A.

60-460(c). The trial court then addressed its attention to the issue of what portions of the transcripts were admissible. The preliminary hearing for the defendant Jerry Beasley was held separately from the other appellants. The trial court announced this transcript would be used solely against the defendant Jerry Beasley over the appellant Watie's objection. Thereafter the appellant Watie moved to sever. On appeal, he claims it was error for the trial court to overrule his motion to delete certain portions of Linda Lewis' testimony taken at Jerry Beasley's preliminary hearing because its prejudicial impact outweighed its evidentiary value. He also claims it was error for the trial court to overrule his motion for a separate trial on the basis that the reading of portions of Linda Lewis' testimony taken at Jerry Beasley's separate preliminary hearing on August 29 would be a denial of his right to confront the witness and in overruling his objection to the reading of such testimony to the jury.

The appellant's argument overlooks the fact the trial court instructed the jury the testimony of Linda Lewis from the preliminary hearing of Jerry Beasley would apply only to that defendant and would not apply to the codefendants including appellant Watie. Specifically the trial court instructed:

"You are also instructed that you should give separate consideration to each defendant. Each is entitled to have his case decided on the law and the evidence which is applicable to him.

"Any evidence which was limited by me to one defendant should not be considered by you as to any other defendant. In particular, that testimony by Linda Ricks concerning the defendant Jerry Beasley and given in his preliminary hearing should be considered by you only as to him and none of the other defendants; the testimony from the preliminary hearing of Junious Heard, Linda Beasley Heard, Terry Beasley and Nathaniel Watie should be considered by you only as to those defendants and not as to the defendant Jerry Beasley."

The particular testimony to which the appellant Watie objects pertained to references Linda Lewis made concerning him. The witness testified she was told by Linda Beasley Heard she could get some rings from the appellant Watie. She also referred to him by his nickname "Oklahoma." However, the testimony of the same witness admitted from the preliminary hearing of the appellant Watie was substantially the same. Linda Lewis' first reference to the appellant as "Oklahoma" was made in reference to the same conversation when she said:

"She say if I ever need anything like Master Charge cards or checks, or one of them rings, to get in touch with Oklahoma."

In a later reference to "Oklahoma" at the same preliminary hearing she testified:

"A.   I told you she said if I needed any more to go to Oklahoma.   . . .

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

"Q.   Do you know who Linda was referring to when she said Oklahoma?
"A.   Oklahoma's over there." (The record reflects the witness identified the appellant Watie.)

The appellant Watie was not implicated directly in the robbery of the jewelry store in the transcript of either preliminary hearing by Linda Lewis. The transcripts from both preliminary hearings were substantially the same, limiting instructions were given and the trial court amply guarded against any prejudice to the appellant.

Similarly, the appellant Watie's argument he was not allowed to confront Linda Lewis because her testimony from Jerry Beasley's preliminary hearing was admitted is not convincing. The record reflects the appellant had the opportunity and did confront Linda Lewis at his own preliminary hearing. The testimony of the same witness given at Jerry Beasley's preliminary hearing was admitted only in relation to the codefendant Jerry Beasley. The appellant Watie's right to confrontation was amply satisfied.

Next the appellant Junious Heard questions the fairness of his lineup. On April 24, 1975, at a police lineup Karen Beard identified the appellant Junious Heard as the individual who had stolen her car at gunpoint. Mary Jane Winchester, an employee of Wetzel's Jewelry Store, also identified Junious Heard as one of the robbers of the jewelry store. The appellant failed to file a pretrial motion to suppress the evidence of the out-of-court identification or to object to the testimony at trial. The appellant's failure to preserve this matter for appeal by a motion to suppress a suggestive lineup or by an objection pursuant to K.S.A. 60-404 precludes review of that lineup on appeal. (*State v. Hornbeak,* 221 Kan. 397, 559 P.2d 385; and *Cook v. State,* 220 Kan. 223, 552 P.2d 985.)

The appellant Watie contends the trial court erred in excluding evidence of inconsistent statements of the witness, Linda Lewis.

Subsequent to the admission of Linda Lewis' testimony the appellant proffered evidence of inconsistent statements made by Linda Lewis to her mother. Allegedly Linda Lewis told her

mother that she knew nothing about the robbery of the jewelry store. The trial judge excluded the evidence on the ground that the witness had not been confronted with those statements and given the opportunity to explain or deny those statements.

The appellant Watie contends K.S.A. 60-462 requires the admission of the prior inconsistent statements here. The statute provides:

"Evidence of a statement or other conduct by a declarant inconsistent with a statement received in evidence under an exception to K.S.A. 60-460, is admissible for the purpose of discrediting the declarant, though he or she had no opportunity to deny or explain such inconsistent statement. . . ."

The appellant's argument overlooks the inherent discretion of the trial judge to avoid unfairness in the presentation of the evidence at trial. Our court discussed the use of a similar impeachment attempt in *State v. Ford*, 210 Kan. 491, 502 P.2d 786, stating:

". . . [F]reedom to impeach is subject to the qualification of K.S.A. 60-422(*b*) that the impeaching statement 'may in the discretion of the judge be excluded unless the witness was so examined while testifying as to give him an opportunity to identify, explain or deny the statement.' . . ." (p. 496.)

(See also *Thompson v. Norman*, 198 Kan. 436, 424 P.2d 593.)

Thus, the exclusion of the evidence in question may be said to be within the sound discretion of the trial court and should not be disturbed in the absence of an abuse of discretion. The appellant Watie does not allege an abuse of discretion and the exclusion of the evidence as to him must stand.

The appellant Watie also complains the trial court erred in failing to provide him with copies of the lay witnesses' statements who testified against him at trial.

Before the trial the appellant attempted to discover certain reports made by police officers subsequent to interviews they had with witnesses. The police officers' statements were neither read nor signed by any witnesses. The trial court refused to order production of those documents *before* the state attempted to introduce any testimony regarding them, and the appellant was instructed to renew his motion at the trial. He now contends the reports constituted a manual recording of a substantially verbatim recital of an oral statement made by a witness and recorded contemporaneously with the making of the statement pursuant to K.S.A. 22-3213.

Our court discusses this statute, frequently referred to as "The

Little Jencks Act," at length in *State v. Smallwood,* 223 Kan. 320, 574 P.2d 1361. There is no support in the record for any contention the witnesses adopted, approved or signed the reports made by the police officers. Furthermore, the trial court stated:

".  .  . [A] statement is either a written statement made by the witness and signed or otherwise adopted or approved by him. And if a witness has read an officer's report containing the statement of that witness and has adopted that officer's report, then that is an adoptive statement and you are entitled to see it. But if it is simply the officer's recollection of what the witness said, then it is not a statement and doesn't fall into that definition or into the next definition which contemplates a statement being made before a court reporter or on a tape recorder. So that is the definition of a statement.  .  .  ."

This determination by the trial court was entirely proper and no error is indicated by the record.

Finally, the appellant Watie argues the trial court erred in overruling his motion for judgment of acquittal. He argues the evidence in this case is insufficient to sustain a conviction.

On many occasions this court has discussed the test concerning a motion for acquittal. (See *State v. Martin,* 223 Kan. 78, 573 P.2d 576; *State v. Jones,* supra; *State v. Holt,* supra; and *State v. Daugherty,* 221 Kan. 612, 562 P.2d 42.)

We said in *State v. Gustin,* 212 Kan. 475, 510 P.2d 1290:

"A trial judge in passing upon a motion for judgment of acquittal must determine whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt. If he concludes guilt beyond a reasonable doubt is a fairly possible result, he must deny the motion and let the jury decide the matter. If he concludes that upon the evidence there must be such a doubt in a reasonable mind, he must grant the motion." (Syl. 3.)

The evidence in this case against the appellant Watie consisted primarily of the identification by all the eyewitnesses who were victims of the robbery. The appellant offered an alibi defense. The law is well settled it is entirely up to the jury to determine the weight and credibility to be given the testimony of any witness. The evidence in this case was sufficient for a reasonable mind to find guilt beyond a reasonable doubt. The trial court did not err in overruling the appellant's motions.

As their final point on appeal the appellants Linda Beasley Heard and Junious Heard assert the trial court erred in denying

their motion for a new trial because the witness, Linda Lewis, allegedly recanted her testimony. Apparently while Linda Lewis was incarcerated in the Sedgwick County jail with the appellant Linda Beasley Heard, she wrote a letter professing to change her testimony.

When a new trial is sought on the basis of recanting testimony of a prosecution witness, the weight to be given such testimony is for the trial judge passing on the motion for new trial to determine. (*State v. Larkin,* 212 Kan. 158, 510 P.2d 123, *cert. denied,* 414 U.S. 848, 38 L.Ed.2d 95, 94 S.Ct. 134; and *State v. Theus,* 207 Kan. 571, 485 P.2d 1327.) The trial judge is required to grant a new trial only when he is satisfied the recantation of the witness's testimony is true. (*State v. Green,* 211 Kan. 887, 895, 508 P.2d 883.)

Clearly the evidence in this case against the appellant Junious Heard was abundant. He was identified by Karen Beard as the man who stole her car at gunpoint. Like the appellant Watie, he was identified by all three eyewitnesses at the jewelry store, he was unable to effectively explain his whereabouts to the satisfaction of the jury, and the testimony of Linda Lewis introduced over his objection was merely cumulative.

On the other hand, the trial was inherently unfair to the appellant Linda Beasley Heard and the failure of the trial court to grant her a new trial was prejudicial error. Unlike the other appellants Linda Beasley Heard was never identified by any eyewitness to the crime. She was tied to the scene of the robbery solely on the basis of incriminating statements she allegedly made to Linda Lewis. Whether she was permitted to effectively cross-examine this witness at the preliminary hearing remains a serious question. The main purpose of the preliminary hearing is to determine whether a crime has been committed and whether there is probable cause to believe the defendant committed it. It is not uncommon for counsel for the defendant to refrain from cross-examination because of the nature of the proceedings. The record here discloses no cross-examination on behalf of this appellant. Further, Linda Beasley Heard's own attempts to introduce evidence of Linda Lewis' recanting statements, together with attempts to introduce the allegedly inconsistent statements made by the witness to her mother were all denied by the trial court. Taken individually these points do not merit reversal, but

in view of the meager evidence against Linda Beasley Heard and the cumulative effect of the rulings of the trial court adverse to her, we hold the trial court committed prejudicial error in failing to grant a new trial to the appellant Linda Beasley Heard, and her conviction must be reversed.

The judgment of the lower court is affirmed as to the appellants Nathaniel Watie and Junious Heard, but the conviction and judgment of Linda Beasley Heard is reversed and the case is remanded for a new trial.

HOLMES, J., not participating.