No. 49,045

STATE OF KANSAS, *Appellee,* v. JAMES E. BELL, *Appellant.*

(577 P.2d 1186)

Opinion filed May 6, 1978.

*Randall H. Elam,* of Kcerner & Elam, of Wichita, argued the cause, and was on the brief for the appellant.

*Harold T. Pickler,* assistant district attorney, argued the cause and *Curt T. Schneider,* attorney general, *Vern Miller,* district attorney, and *J. Larry Linn,* assistant district attorney, were on the brief for the appellee.

*Per Curiam:* This is a direct appeal in a criminal action in which defendant-appellant was convicted after a jury trial of four counts of first degree murder (K.S.A. 21-3401), one count of aggravated kidnapping (K.S.A. 21-3421), one count of aggravated burglary (K.S.A. 21-3716) and one count of unlawful possession of a firearm (K.S.A. 21-4204).

This is a companion case to *State v. Duvaul,* 223 Kan. 718, 576 P.2d 653 (1978). Most of the facts are set forth in *Duvaul* and will not be repeated herein. Such additional facts as are necessary to this appeal will be included in the opinion under the respective points.

The defendant first claims error by the trial court in refusing to grant separate trials. Both Duvaul and Bell testified at the trial. This issue was considered and disposed of in *Duvaul,* supra.

The defendant next claims error in refusal of the trial court to change the venue on the Beth Kuschnereit murder count to Butler County. The evidence of the state sought to establish her kidnapping (Count 5) occurred in Sedgwick County. It was undisputed that she was killed in Butler County. This issue was adequately determined in *Duvaul,* supra.

The defendant next contends error was committed in admitting the testimony of Duvaul, Gary Ted Ames, and Harold Norman. Duvaul testified both as a witness for himself and for Bell. The *Bruton* argument raised by defendant is without merit. Gary Ted Ames testified as to conversations had with Duvaul while both were in the Sedgwick County jail. This testimony includes Duvaul's version of the crimes. It is consistent with and supports Bell's testimony at trial except in the areas of Duvaul's fear of Bell

and pressure by Bell on Duvaul, neither of which is relevant to Bell's guilt or innocence. Harold Norman was a police detective who testified as to statements made by Duvaul to a Tom Bowin. Bell was not mentioned in the statement and has no standing to object thereto (see *State v. Smallwood,* 223 Kan. 320, 574 P.2d 1361 [1978]).

At the close of the state's evidence Counts 5 and 6 were amended by adding the italicized phrases:

Count 5

"In the County of Sedgwick and State of Kansas, and on or about the 7th day of July, A.D., 1974, one JAMES E. BELL and GARY DUVAUL did then and there unlawfully, willfully, *by force, threat and deception,* take and confine another, to-wit: Elizabeth Ann Kuschnereit, to facilitate the commission of the crime of First Degree Murder as defined by K.S.A. 21-3401 and to inflict bodily harm on and to terrorize the victim, to-wit: Elizabeth Ann Kuschnereit, and did inflict bodily harm upon the person of the said Elizabeth Ann Kuschnereit."

Count 6

"[D]id then and there unlawfully, willfully and *without authority and* with intent to commit a felony, to-wit: Aggravated Robbery as defined by K.S.A. 21-3427 and Aggravated Battery as defined by K.S.A. 21-3414 and First Degree Murder as defined by K.S.A. 21-3401, enter into and remain within a building, to-wit: a residence at 1117 Dayton, Wichita, Sedgwick County, Kansas, occupied at the time by James Waltrip, Oma Ray King, Jr., and Patricia A. Gindlesberger."

## K.S.A. 22-3201(4) (now 1977 Supp.) provides:

"The court may permit a complaint or information to be amended at any time before verdict or finding if no additional or different crime is charged and if substantial rights of the defendant are not prejudiced."

The amendments did not change the crime charged and there was evidence to support the amendments. The substantial rights of the defendant were not prejudiced thereby.

The defendant claims error by the trial court in denying his motion for acquittal on Counts 5, 6, and 7 at the close of the state's case. The test to be applied is set forth in *State v. Watie, Heard and Heard,* 223 Kan. 337, 574 P.2d 1368 (1978), wherein we cited *State v. Gustin,* 212 Kan. 475, 510 P.2d 1290 (1973), as follows:

"A trial judge in passing upon a motion for judgment of acquittal must determine whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt. If he concludes guilt beyond a reasonable doubt is a fairly possible result, he must deny the motion and let the jury decide the matter. If he concludes that upon the

evidence there must be such a doubt in a reasonable mind, he must grant the motion." (223 Kan. at 346.)

The evidence was sufficient to pass the test.

The defendant next claims error in the admission of testimony of Bell's activities a week before the killings. The evidence was admitted to show Bell had a .38 caliber pistol at that time which was similar to the gun used in the killings. The court excluded testimony of Bell's criminal activities occurring at the time he was seen with the gun, and permitted testimony only to the effect he was seen with such a gun. No gun was ever recovered. The defendant subsequently testified he had used a .38 caliber pistol in the killings. The defendant contends the purpose of the testimony was to inflame the jury. It is difficult to see how the jury could have been inflamed by the testimony. This is particularly true since the defendant testified he carried such a gun; that he went into the home where three of the killings occurred with the gun cocked; that he shot James Waltrip, Oma Ray King, and Patricia Gindlesberger; that he shot Beth Kuschnereit ("blew her head off") after allowing her time to pray; and that every shot was deliberate. The point is held to be without merit.

The defendant next claims error in the giving of Instruction Nos. 13 and 27. Number 13 is the instruction on aggravated burglary. The defendant claims there was insufficient evidence to permit the instruction. No state witness could testify directly as to whether Bell had authority to enter the residence as the three occupants were shot and killed by Bell. Bell testified he yanked open the back door and ran in with his gun cocked. Bell did not testify he had authority to enter. There was sufficient evidence to support the instruction.

The defendant claims Instruction No. 27 does not correctly state the law. The instruction covers the area of inferring premeditation and deliberation. All points raised by the instruction were determined by this court in *State v. Buie,* 223 Kan. 594, 575 P.2d 555 (1978). In *Buie* a cab driver was shot with no witnesses present. We held there was sufficient evidence from which premeditation and deliberation could be inferred. We said:

"The defendant's first point on the appeal is that the trial court erred in overruling the defendant's motion for acquittal on the grounds that there was insufficient evidence to support a conviction of first-degree murder. The defendant concedes that malice may be inferred from the fact that a deadly weapon was used in the homicide. (*State v. Hamilton,* 216 Kan. 559, 534 P.2d 226.) It is

defendant's position that there was no evidence of premeditation or deliberation sufficient to sustain a verdict of murder in the first degree. . . .

"Proof of premeditation as an element in first-degree murder was considered by this court in two recent cases. (*State v. Henson,* 221 Kan. 635, 562 P.2d 51; *State v. Hamilton,* supra.) Those two cases hold that the element of premeditation, essential to first degree murder, is not to be inferred from use of a deadly weapon alone, but if, in addition, other circumstances are shown, such as lack of provocation, the defendant's conduct before and after the killing or the dealing of lethal blows after the deceased was rendered helpless, the evidence may be sufficient to support an inference of deliberation and premeditation. Our problem in this case is to determine whether the evidence in the record before us is sufficient to establish a deliberate and premeditated killing. In a prosecution for murder the law does not presume or imply the existence of premeditation and deliberation from any state of circumstances, but it is not necessary that they be established directly. Premeditation and deliberation may be inferred from the established circumstances of the case, provided the inference is a reasonable one. In such case, the jury has the right to make the inference. (*Craft v. State,* 3 Kan. 450.)" (p. 597.)

The established circumstances were sufficient to support the giving of the instruction.

The defendant further claims error in the failure to give limiting instructions on the testimony of certain witnesses. K.S.A. 22-3414(3) states in part:

"No party may assign as error the giving or failure to give an instruction unless he objects thereto before the jury retires to consider its verdict stating distinctly the matter to which he objects and the grounds of his objection unless the instruction is clearly erroneous. . . ."

The defendant does not claim he requested such instructions and the state denies that he did. The failure to give limiting instructions was not clearly erroneous.

The defendant's final claim of error is the refusal of the trial court to grant his motion for a new trial. The points raised here are those previously considered and determined in this opinion. The only new argument raised is that Bell's confession on the stand should not be considered to have cured earlier trial errors.

The granting of a new trial is a matter of discretion and, as with all discretionary matters, will not be disturbed on appeal except by a showing of abuse of discretion. A new trial in a criminal case may be granted on motion of a defendant when required in the interest of justice, and such grant in the first instance lies within the sound discretion of the trial court (*State v. Parker,* 213 Kan. 229, Syl. 4, 516 P.2d 153 [1973]).

No abuse of discretion is shown.

All points on appeal having been considered and determined, the judgment and convictions are affirmed.